**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| **TORREY HARRIS,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **vs.** | § | |
| | § | **CIVIL ACTION NO. 4:24-cv-873** |
| **BETTY HANSON STEVENS,** | § | |
| | § | |
| *Defendant.* | § | |

## DEFENDANT BETTY HANSON STEVENS' NOTICE OF REMOVAL

Defendant Betty Hanson Stevens files this Notice of Removal pursuant to 28 U.S.C. Sections 1441(a), 1446(b), and 1332(a), removing this action from the 67th Judicial District Court of Tarrant County, Texas to the United States District Court for the Northern District of Texas, Fort Worth Division.  In support thereof, Defendant Betty Hanson Stevens show the Court as follows:

### I.     Background

1.     On or about February 13, 2023, Plaintiff allegedly sustained property and personal injury damages arising from a vehicular collision with Defendant Betty Hanson Stevens, which Plaintiff alleges caused him a minimum of $1,000,000 in damages.[1] Plaintiff alleges, among other issues, Defendant Stevens negligently made a right turn into the side of his Freightliner truck, and failed to apply her brakes, keep a proper lookout, and control her speed.[2]

---

[1] *See* Exhibit B-1, Plaintiff's Original Petition, Page 2, paragraph #5.
[2] *See* Exhibit B-1, Plaintiff's Original Petition, Pages 2-3, paragraph #s 7 and 9.

2.      On August 13, 2024, Plaintiff served Defendant Betty Hanson Stevens with the lawsuit styled *Torrey Harris v. Betty Hanson Stevens* via process server, and Plaintiff seeks to recover from Betty Hanson Stevens all damages arising from the alleged vehicular accident made the basis of the lawsuit, including past and future medical expenses, pain and suffering, mental anguish, impairment, interest, loss of income and earning capacity, exemplary damages, and cost of court..[3] Defendant Stevens answered Plaintiff's lawsuit on September 9, 2024[4]

3.      Plaintiffs plead for monetary relief $1,000,000.00 or more, including damages of any kind, costs, and pre-judgment interest."[5]

4.      Simultaneously with the filing of this notice of removal, attached hereto are the following Exhibits:

         **Exhibit "A"** is an Index of State Court Documents and docket sheet that clearly identifies each document and indicates the date the document was filed in state court;

         **Exhibits "B, B 1-3"** are all documents filed in the state court action as identified on the Index of Documents;

## II.      <u>Grounds for Removal</u>

5.      This Honorable Court has original jurisdiction of this suit based on 28 U.S.C. § 1332(a), 1441(a), and 1446(b) because it arises from a controversy between citizens of different states and the amount in controversy, exclusive of interest and costs, exceeds $75,000.00.

### A.  Parties are Diverse

          i.      <u>Plaintiff's Citizenship</u>

---

[3] *See generally,* Exhibit B-1 Plaintiff's Original Petition and Damages and Prayer on Pages 3-4 and Exhibit B-2, proof of service
[4] See, generally, Exhibit B-3, Defendant's Answer.
[5] *See* Exhibit B-1, Plaintiff's' Original Petition, Pages 2-4.

6.      Plaintiff Torrey Harris is domiciled in Montgomery, Alabama.[6]

        ii.      <u>Defendants' Citizenship</u>

7.      Defendant Stevens, a Fort Worth, Texas resident at the time of the occurrence is now a resident of the State of Oklahoma.[7]

**B. Amount in Controversy**

8.      The party seeking federal jurisdiction must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.00.[8]   The removing party may satisfy its burden by either (1) demonstrating that it is "facially apparent" from the petition that the claim likely exceeds $75,000.00 or (2) "by setting forth the facts in controversy—preferably in the removal petition, but sometimes by affidavit—that support a finding of the requisite amount."[9]

9.      If a defendant can produce evidence that establishes the actual amount in controversy exceeds the jurisdictional threshold, a plaintiff must be able to show that, to a legal certainty, he will not be able to recover more than the damages for which he has prayed in the state court complaint.[10]

        i.      <u>It is facially apparent from the petition that the claim likely exceeds $75,000.00</u>

10.     Here, pursuant to Rule 47 of the Texas Rules of Civil Procedure, Plaintiffs' pleading seeks damages of monetary relief over $1,000,000.00, including damages of any kind, costs, and pre-judgment interest.[11] Thus, this matter exceeds the amount in controversy requirement set forth in 28 U.S.C. § 1332.  However, even if it is determined that is not facially apparent from the petition

---

[6] *See* <u>Exhibit B-1</u>, Plaintiffs' Original Petition, Page 1, Paragraph 2.
[7] See Exhibit B-1, Plaintiff's Original Petition, Page1, Paragraph 3 and Exhibit B-2, proof of service.
[8] *Grant v. Chevron Phillips Chem. Co. L.P.,* 309 F.3d 864, 868 (5th Cir. 2002).
[9]  *Allen v. R & H Oil & Gas Co.,* 63 F.3d 1326, 1335 (5th Cir. 1995).
[10] *See De Aguilar v. Boeing Co.,* 47 F.3d 1404, 1409 (5th Cir. 1995).
[11] *See* <u>Exhibit B-1</u>, Plaintiffs' Original Petition, Page 2, Paragraph 5.

that Plaintiffs' claim likely exceeds $75,000.00, the facts in controversy support a finding that

Plaintiffs' claim likely exceeds that amount.

      ii.     <u>Evidence of the amount in controversy supports a finding that the claim exceeds $75,000.00.</u>

11.     To determine the amount in controversy, the court may consider "penalties, statutory

damages, and punitive damages."[12]

12.     Here, Plaintiffs' petition seeks the following categories of damages:

- Actual damages;

- Non-economic damages;

- Exemplary damages;

- Pre-judgment and Post-judgment interest; and

- Costs of Suit.[13]

13.     Plaintiffs' pleading of damages clearly indicates an amount in controversy greater than

$75,000.[14]

### III.    <u>Grounds for Removal</u>

14.     This notice of removal was timely filed September 12, 2024 within thirty (30) days after

service of process upon Defendant Betty Hanson Stevens pursuant to 28 U.S.C. §1446(b).[15]

15.     Venue is proper in this Court under 28 U.S.C. §1441(a) because the District and Division of

this Honorable Court embrace Tarrant County, Texas, the venue where this suit was initiated. [16]

---

[12] *St. Paul Reinsurance Co., Ltd. v. Greenberg,* 134 F.3d 1250, 1253 (5th Cir. 1998); *see Ray v. State Farm Lloyds,* No. 3;98-CV1288-G, 1999 WL 151667, at 2-3 (N.D. Tex. Mar. 10, 1999)(finding a sufficient amount in controversy in plaintiffs case against his insurance company).
[13] *See* <u>Exhibit B-1</u>, Plaintiffs' Original Petition Prayer, Page 6.
[14] *Troiani v. Allstate Ins. Co.,* No. CIV-B-06-00067, 2006 WL 1851378, at *4 (S.D. Tex. July 3, 2006)(finding that the combination of the Plaintiffs' claim of maximum recovery of $70,000 plus claims for additional attorneys' fees and exemplary damages clearly illustrated that the amount in controversy exceeded $75,000).
[15] *See* 28 U.S.C. §1446(b)(l), and <u>Exhibit B-2</u>, Service Returns.
[16] *See* generally, <u>Exhibit B-1</u>, Plaintiffs' Original Petition.

19.    Pursuant to 28 U.S.C. §1446(a), all pleadings, process, and orders served upon Defendant in the state court action are attached to this Notice. [17]

20.    Pursuant to 28 U.S.C. §1446(d), Defendant will promptly provide a true and correct copy of this Notice of Removal to Plaintiff and to the District Clerk of Tarrant County.

## IV.    **Prayer**

Based upon the foregoing, the exhibits submitted in support of this Removal and other documents filed contemporaneously with this Notice of Removal and fully incorporated herein by reference, Defendant Betty Hanson Stevens hereby remove this case to this court for trial and determination.

Respectfully submitted,

By:    */s/William Ken Tapscott, Jr.*
**WILLIAM KEN TAPSCOTT, JR.**
State Bar No. 24003031
ktapscott@thompsoncoe.com

**THOMPSON, COE, COUSINS & IRONS, LLP**
700 North Pearl Street, 25th Floor
Dallas, Texas 75201
Telephone: (214) 871-8200
Fax: (214) 871-8209

**ATTORNEY FOR DEFENDANT BETTY HANSON STEVENS**

## CERTIFICATE OF SERVICE

I certify a true and correct copy of this document was served upon the following counsel of record in accordance with the Federal Rules of Civil Procedure on the 12TH day of September 2024:

---

[17] *See* Exhibit B – Exhibit B1-3.

Payne Mitchell Ramsey Law Group
c/o Mac Phelps
3500 Maple Avenue, Suite 1250
Dallas, TX 75219
Telephone:  214 252 1888
Fax:  214 252 1889
**ATTORNEYS FOR PLAINTIFF**

*/s/William Ken Tapscott, Jr.*
**WILLIAM KEN TAPSCOTT, JR.**